SUMMARY ORDER

Appellant Samuel De Asis, pro se, appeals from the judgment of the United States District Court for the Eastern District of New York (Irizarry, ,/.), granting the Appellees’ motion to dismiss Appellant’s action brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the Fifth and Fourteenth Amendments, and New York State law for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
This Court reviews “de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002); see also Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003).
Having conducted an independent and de novo review, we conclude, for substantially the same reasons stated by the district court, that Appellant failed to state a claim upon which relief could be granted, and that allowing Appellant to amend his complaint would have been futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000). We need not address Appellant’s claim on appeal that alleged incidents considered to be time-barred by the district court were timely under the continuing violation doctrine, as the inclusion of those events would have no effect on Appellant’s ability to state a claim. We further note that the district court did not err in failing to address Appellant’s claim of municipal liability for negligent supervision, in light of its correct finding that Appellant alleged no underlying constitutional violation. See Segal v. City of New York, 459 F.3d 207, 219-20 (2d Cir.2006) (holding that district court need not reach municipal liability claim where due process claims failed). Finally, insofar as Appellant can be construed as raising a due process claim based on the defendants’ failure to refund a prepaid fine after Appellant successfully challenged his traffic citations, the claim is unavailing because a post-deprivation remedy was available, in the form of an Article 78 mandamus proceeding. See New York State Nat’l Org. for Women v. Pataki, 261 F.3d 156, 168 (2d Cir.2001) (error for court not to have considered the availability of Article 78 proceedings in determining whether the *519 state has provided procedural due process).
For the foregoing reasons, the judgment of the district court is AFFIRMED.